UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

KEITH E. SONDERLING, Acting Secretary
of Labor, United States Department of Labor,

    Plaintiff,

    v.

COWBELL HOSPITALITY LLC DBA
COWBELL BIDDEFORD, DBA THE
MARTINI BAR, and DBA 5 DOLLAR
FINNS; COWBELL ROCK ROW LLC DBA
COWBELL ROCK ROW; COWBELL
HOSPITALITY 2 LLC DBA COWBELL
SCARBOROUGH; ALEXANDER
MARKAKIS and JAMES ALBERT,

    Defendants.

Civil Action No.

Injunctive Relief Sought

<u>COMPLAINT</u>

1.    Plaintiff Keith E. Sonderling, Acting Secretary of Labor, United States
Department of Labor (the "Acting Secretary"), brings this case because Defendants Cowbell
Hospitality LLC dba Cowbell Biddeford, dba The Martini Bar, and dba 5 Dollar Finns; Cowbell
Rock Row LLC dba Cowbell Rock Row; Cowbell Hospitality 2 LLC dba Cowbell Scarborough
(the "Hospitality Venues"); and Alexander Markakis and James Albert, owners of the Hospitality
Venues, have failed to pay their employees proper minimum wage, failed to pay their employees
proper overtime compensation, not kept accurate employment-related records, and employed
oppressive child labor, all in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201,
*et seq.* (the "FLSA").

2.    The Acting Secretary seeks to have the Court enjoin Defendants from violating
the minimum wage, overtime, recordkeeping, and child labor provisions of the FLSA, 29 U.S.C.

§§ 206, 207, 211, 212(c), 215(a)(2), 215(a)(4), & 215(a)(5), and to recover unpaid wages pursuant to the provisions of Sections 15(a)(2) and 16(c) of the FLSA, 29 U.S.C. §§ 215(a)(2) and 216(c).

## Jurisdiction and Venue

3.      Jurisdiction over this case is conferred upon this Court by Section 17 of the FLSA, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

4.      Venue is proper in the United States District Court for the District of Maine because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## Period Covered by this Complaint

5.      The period covered by this Complaint is from January 8, 2023 to January 4, 2026.

## The Parties

6.      Plaintiff Keith E. Sonderling, Acting Secretary of Labor, United States Department of Labor, is vested with authority to file suit seeking to restrain violations of the FLSA and recover back wages, and the Acting Secretary is the proper plaintiff for this case.

7.      Defendant Cowbell Hospitality LLC dba Cowbell Biddeford, dba The Martini Bar, and dba 5 Dollar Finns, has a principal office address at 12 Old Salt Road, Old Orchard Beach, Maine 04064, within the jurisdiction of this Court.

8.      Defendant Cowbell Hospitality LLC operates hospitality venues, also all within the jurisdiction of this Court, including a restaurant, Cowbell Biddeford, located at 140 Main Street, Biddeford, Maine 04005. Defendant Cowbell Hospitality LLC also operates two bars, The Martini Bar and 5 Dollar Finns, both located at 137 Main Street, Biddeford, Maine 04005.

9.      Defendant Cowbell Rock Row LLC dba Cowbell Rock Row has a principal office

2

address at 12 Old Salt Road, Old Orchard Beach, Maine 04064, within the jurisdiction of this Court.

10.    Defendant Cowbell Rock Row LLC operates a restaurant, Cowbell Rock Row, located at 90 Rock Row STE 130, Westbrook, Maine 04092, also within the jurisdiction of this Court.

11.    Defendant Cowbell Hospitality 2 LLC dba Cowbell Scarborough has a principal office address at 12 Old Salt Road, Old Orchard Beach, Maine 04064, within the jurisdiction of this Court.

12.    Defendant Cowbell Hospitality 2 LLC operates a restaurant, Cowbell Scarborough, located at 185 US Route 1, Scarborough, Maine 04074, also within the jurisdiction of this Court.

13.    The Hospitality Venues employ the employees listed on the attached Exhibit A who have not received proper compensation under the FLSA.

14.    Defendant Alexander Markakis is an owner of the Hospitality Venues.

15.    Defendant Markakis transacts substantial business on a continuous and systematic basis in this judicial district, within the jurisdiction of this Court.

16.    The claims against Defendant Markakis in this case arise out of and are directly related to business activities in Maine.

17.    Defendant Markakis has certain control over the daily operations of the Hospitality Venues, including the authority to hire and fire employees, manage the daily operations of the businesses, supervise and train employees, set employee work schedules, pay wages to employees, and set policies for the businesses.

18.    Defendant Markakis is and has been an employer of the Hospitality Venues'

3

employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19.    Defendant James Albert is an owner of the Hospitality Venues.

20.    Defendant Albert transacts substantial business on a continuous and systematic basis in this judicial district, within the jurisdiction of this Court.

21.    The claims against Defendant Albert in this case arise out of and are directly related to business activities in Maine.

22.    Defendant Albert has certain control over the daily operations of the Hospitality Venues, including the authority to hire and fire employees, manage the daily operations of the businesses, supervise and train employees, set employee work schedules, pay wages to employees, and set policies for the businesses.

23.    Defendant Albert is and has been an employer of the Hospitality Venues' employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

<u>Defendants Are an Enterprise Engaged in Commerce</u>

24.    During the period covered by this Complaint, Defendants were an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), as they engaged in related activities performed through unified operation or common control for a common business purpose.

25.    During the period covered by this Complaint, Defendants employed employees in the activities of said enterprise, which is engaged in commerce or in the production of goods for commerce, including having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

26.    Said enterprise has had an annual gross volume of sales or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately

stated).

27.     For the period covered by this Complaint, Defendants' employees have been employed in this enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

<u>Defendants Jointly Employed Employees at the Hospitality Venues</u>

28.     During the period covered by this Complaint, Defendants jointly employed employees at the Hospitality Venues, including certain employees listed on Exhibit A to this Complaint, who worked at more than one of the Hospitality Venues in a single work week.

29.      Defendants coordinated and set these employees' schedules at the multiple Hospitality Venues when the employees worked at multiple locations in a single work week.

30.     Defendants set the employees' rates of pay when they worked at multiple locations of the Hospitality Venues in the same work week.

31.     The Hospitality Venues were commonly owned by Defendants Markakis and Albert, who shared control over the hiring, firing, compensation, recordkeeping, and scheduling of employees at the Hospitality Venues' various locations.

32.     For the period covered by this Complaint, the Hospitality Venues shared a common principal office.

33.     For the period covered by this Complaint, The Hospitality Venues advertised on the same website.

Defendants' Wage and Hour Practices

<em>Minimum Wage and Overtime Violations</em>

34.     From January 8, 2023 to at least September 23, 2025, Defendants failed to pay certain employees working at the Hospitality Venues, who are listed in the attached Exhibit A,

5

the minimum wage and/or overtime compensation required by Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206 and 207.

35. During this time period, Defendant Cowbell Hospitality LLC failed to pay certain employees at least the federal minimum wage of $7.25 per hour for each hour worked in non-overtime work weeks.

36. Defendant Cowbell Hospitality LLC did not pay some employees any wages for work they performed during certain work weeks.

37. From January 8, 2023 to at least September 23, 2025, Defendants failed to pay proper compensation under the FLSA to certain employees for all hours worked in overtime workweeks.

38. During this time period, for hours worked over 40 in a workweek, Defendants paid certain employees in cash at the employees' straight-time rates of pay, without paying overtime premiums.

39. During this time period, Defendants failed to pay certain employees all wages due at the employees' regular rates of pay for each hour the employees worked in overtime workweeks.

40. These FLSA overtime violations were willful because Defendants knew of the FLSA's overtime requirements and failed to pay certain employees the overtime compensation required by the FLSA.

41. These overtime violations were also willful because Defendants intentionally removed hours from certain employees' time records in overtime workweeks to avoid documenting overtime hours worked by those employees.

42. From January 8, 2024, to at least January 4, 2026, Defendants also failed to

combine the hours employees worked at multiple of the Hospitality Venues' locations in a single work week.

43.     Defendants' failure to combine the hours employees worked at multiple of the Hospitality Venues' locations in a work week resulted in Defendants not paying those employees the required FLSA overtime premium for hours worked over 40 in such a workweek.

44.     During this time period, Defendants Cowbell Hospitality LLC and Cowbell Hospitality 2 LLC paid two nonexempt employees on a salary basis and did not pay them the FLSA required overtime premium for hours worked over 40 per workweek.

*FLSA Child Labor Violations*

45.     From January 8, 2024 to at least January 4, 2026, Defendant Cowbell Rock Row LLC employed oppressive child labor, in violation of Section 12(c) of the FLSA, 29 U.S.C § 212(c).

46.     Defendant Cowbell Rock Row LLC employed minor employees who worked in excess of the number of hours such minors are allowed to work under the FLSA as well as later at night than is permitted during the school year.

*Recordkeeping Violations*

47.     From February 2, 2023 to at least September 26, 2025, Defendants failed to maintain the records required under Section 11 of the FLSA, 29 U.S.C. § 211.

48.     Defendants failed to keep accurate records of hours worked by and wages paid to certain employees.

49.     Defendants removed hours worked from certain employees' time records.

**COUNT ONE**
**Defendant Cowbell Hospitality LLC Failed to Pay the Federal Minimum Wage Required by Section 6 of the FLSA**

50.     The Acting Secretary incorporates by reference and re-alleges all of the foregoing

allegations in this Complaint.

51.     Defendant Cowbell Hospitality LLC has violated the provisions of Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay certain employees the federal hourly minimum wage rate for all of their hours worked.

52.     Therefore, Defendant Cowbell Hospitality LLC is liable for minimum wage compensation owed to certain employees listed in the attached Exhibit A under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## COUNT TWO
### Defendants Failed to Pay the Overtime Premium Required by Section 7 of the FLSA

53.     The Acting Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

54.     Defendants have violated the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), including doing so willfully as alleged above, by employing employees for workweeks longer than 40 hours without compensating them at rates not less than one and one-half times the regular rates at which they were employed for hours worked in excess of 40 hours in such workweeks.

55.     Therefore, Defendants are liable for overtime compensation owed to certain employees listed in the attached Exhibit A under Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## COUNT THREE
### Defendant Cow Bell Rock Row LLC Employed Oppressive Child Labor Under Section 12(c) of the FLSA

56.     The Acting Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

57.     Defendant Cow Bell Rock Row LLC employed oppressive child labor, as defined in Section 3(l) of the FLSA, 29 U.S.C. § 203(l), and set out in 29 C.F.R. Part 570, in violation of

8

Section 12(c) of the FLSA, 29 U.S.C. § 212(c), because minor employees worked in excess of the number of hours allowed for such minors and later than is allowed under the statute.

## COUNT FOUR
### Defendants Failed to Maintain Records Required by Section 11 of the FLSA

58. The Acting Secretary incorporates by reference and re-alleges all of the foregoing allegations in this Complaint.

59. Defendants failed to keep true and accurate records of hours worked by and wages paid to employees in violation of Sections 11 and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211 and 215(a)(5), and the regulations thereunder, specifically 29 C.F.R. Part 516.

## PRAYER FOR RELIEF

Throughout the period covered by this Complaint, Defendants violated the aforesaid provisions of the FLSA, including doing so willfully, as alleged. WHEREFORE, cause having been shown, the Acting Secretary prays for judgment against Defendants as follows:

1. For an order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants employees, and those persons in active concert or participation with them from prospectively violating Sections 7, 11, 15(a)(2), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 207, 211, 215(a)(2), and 215(a)(5).

2. For an order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendant Cowbell Hospitality LLC, its officers, agents, servants, employees, and those persons in active concert or participation with it, from prospectively violating Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2).

3. For an order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendant Cowbell Rock Row LLC, its officers, agents, servants,

9

employees, and those persons in active concert or participation with it, from prospectively violating Sections 12(c) and 215(a)(4) of the FLSA, 29 U.S.C. §§ 212(c), and 215(a)(4).

4.  For an order pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), holding Defendants liable for unpaid back wages found due to Defendants' current and former employees listed in the attached Exhibit A for the time periods set forth above. Additional amounts of back wages may also be owed to certain current and former employees of Defendants listed in the attached Exhibit A for violations continuing after the time periods set forth above, and may be owed to certain current and former employees presently unknown to the Acting Secretary for the periods covered by this Complaint, who may be identified during this litigation and added to Exhibit A;

5.  For an Order pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from withholding the amount of unpaid minimum wages and overtime compensation found due to Defendants' employees;

6.  Awarding prejudgment interest computed at the underpayment rate established by the Acting Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

7.  Awarding the Acting Secretary the costs of this action; and

8.  Granting such other and further relief as may be necessary and appropriate.

Jonathan Berry
Solicitor of Labor

Maia S. Fisher
Regional Solicitor

Mark A. Pedulla
Counsel for Wage & Hour

/s/ Susan G. Salzberg
Susan G. Salzberg
Senior Trial Attorney
Salzberg.susan@dol.gov
MA BBO No. 556437

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:
JFK Federal Building—Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500

DATE: May 27, 2026

# EXHIBIT A

**Cowbell Biddeford Locations**

| FIRST NAME | LAST NAME |
|---|---|
| Nayelis | Amador Encarnacion |
| Larie | Butler |
| Ryan | Cyr |
| Khadim | Dieng |
| Tristan | Kinner |
| Irving | Mendez |
| Cody | Picard |
| Shawn | Small |
| Derrick | Vance |
| Adam | Wilcox |
| Ana | Zunguza |

**Cowbell Rock Row Location**

| FIRST NAME | LAST NAME |
|---|---|
| Otto | Arias Segura |
| Odane | Briscoe |
| Dawayne | Clarke |
| Matt | Cosgrove |
| Lilanga Bosunga | Djouma |
| Derval | Donald |
| Chris | Fitzpatrick |
| Sean | Foley |
| Phoebe | Jensen |
| Deanna | Karam |
| Ajoni | Larmond |
| Davion | Livingston |
| Betania Del Carmen | Morales Rodrigues |
| Jorge Ramon | Morales Rodriguez |
| Yadira | Moya |
| Javon | Murray |
| Leo | Orasma |
| Kerlys | Perez Marquez |
| Jonathan | Quiles |
| Chevelle | Rhule |
| Jose | Rodriguez |
| Chloe | Thurlow |

**Cowbell Scarborough Location**

| FIRST NAME | LAST NAME |
|---|---|
| Diego | Campusano Cayo (Vuitton) |
| Michael | Carter |
| Michael | Curtis |
| John | Flaherty |
| James | Gilroy |
| Marcus | MacDougall |
| Allison | Mulholland |
| Daniel | Parra |
| Ahmed | Rizk |
| Amber | Roy |
| Augustin | Simental |
| Syed | Sujauddoula |
| Robert | Tuning |
| James | Whyte |