# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

KEITH E. SONDERLING, Acting, Secretary
of Labor, United States Department of Labor,

Plaintiff,

v.

COWBELL HOSPITALITY LLC DBA
COWBELL BIDDEFORD, DBA THE
MARTINI BAR, and DBA 5 DOLLAR
FINNS; COWBELL ROCK ROW LLC DBA
COWBELL ROCK ROW; COWBELL
HOSPITALITY 2 LLC DBA COWBELL
SCARBOROUGH; ALEXANDER
MARKAKIS and JAMES ALBERT,

Defendants.

Civil Action No. 2:26-cv-00272-KFW

## CONSENT JUDGMENT AND ORDER

Plaintiff Keith E. Sonderling, Acting Secretary of Labor, United States Department of

Labor (the "Acting Secretary"), has filed a Complaint in this case under the Fair Labor Standards

Act of 1938, 29 U.S.C. § 201, *et seq.* (the "FLSA"). Defendants Cowbell Hospitality LLC dba

Cowbell Biddeford, dba The Martini Bar, and dba 5 Dollar Finns; Cowbell Rock Row LLC dba

Cowbell Rock Row; Cowbell Hospitality 2 LLC dba Cowbell Scarborough; and owners

Alexander Markakis and James Albert (collectively, the "Defendants"), have received a copy of

the Complaint and waive service of process. Defendants admit that they violated Sections 6, 7,

11, and 12(c) of the FLSA, 29 U.S.C. §§ 207, 211, & 212(c).

Defendants also acknowledge that the Acting Secretary has assessed civil money

penalties for both child labor and willful violations of the FLSA. Defendants waive notice and

service requirements for the issuance of those penalties and waive exception to those civil money

penalties all under Section 16(e) of the FLSA, 29 U.S.C. § 216(e), and 29 C.F.R. §§ 578.1–578.4, 579.1–579.5, 580.1–580.18.

The Court finds that it has jurisdiction to enter this Consent Judgment and Order (the "Consent Judgment"), and the Acting Secretary and Defendants agree to its terms.

It is therefore ORDERED, ADJUDGED, and DECREED that:

1. Defendants and their successors, assigns, agents, servants, employees, and all persons in active concert or participation with them, or acting or claiming to act in their interest and behalf, hereby are permanently enjoined and restrained from violating the FLSA in accordance with the following:

    a. Defendant Cowbell Hospitality LLC shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), pay any employee who, in any workweek, is employed in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, as defined by the FLSA, wages at less than the applicable minimum wage.

    b. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 & 215(a)(2), employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than 40 hours, unless such employees receive compensation for their employment in excess of 40 hours at rates not less than one-and-one-half times the employees' regular rates of pay.

c.      Defendants shall not fail to make, keep, and preserve records of hours worked by employees, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) & 215(a)(5), and found in 29 C.F.R. Part 516.

d.      Defendant Cowbell Rock Row LLC shall not, contrary to Sections 12(c) and 15(a)(4) of the FLSA, 29 U.S.C. §§ 212(c) & 215(a)(4), employ any oppressive child labor, as defined in Section 3(l) of the statute, 29 U.S.C. § 203(l), and set out in 29 C.F.R. Part 570, in commerce or in the production of goods for commerce or in any enterprise engaged in commerce or in the production of goods for commerce.

e.      Defendants shall not fail to cooperate with the United States Department of Labor in any investigation conducted pursuant to Section 11(a) of the FLSA, 29 U.S.C. § 211(a), and commenced after the entry of this Consent Judgment. Defendants shall provide truthful responses and other information and documents to the United States Department of Labor. Defendants shall provide the United States Department of Labor access to all records that are required to be maintained pursuant to Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and 29 C.F.R. Part 516, and shall provide access to other information necessary for the proper execution of any United States Department of Labor investigation. Nothing contained in this Consent Judgment, including the requirement to cooperate as set forth in this Paragraph, abrogates Defendants' rights under the United States Constitution.

2.      Further, the Court, finding that Defendants owe $51,774.93 in back wages to the employees listed on the attached Exhibit A, which is incorporated in and made a part of this Consent Judgment, it is ordered that Defendants are restrained from withholding said back wages and shall pay, jointly and severally, said back wages in accordance with the terms set forth herein.

3.      The back wage payment of $51,774.93 shall be made on or before 30 days from the Court's entry of this Consent Judgment, online by ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/77689032 or by going to http://www.pay.gov and searching for WHDBWNE.

4.      The back wage provisions of this Consent Judgment shall be deemed satisfied when Defendants deliver to the Acting Secretary $51,774.93 from which deductions for Defendants' employees' share of social security and federal withholding taxes will be made by the United States Department of Labor with no deduction for the employees' state withholding tax. Defendants shall, jointly and severally, further pay the employers' share of any FICA obligations to the appropriate authorities after any presentation of the United States Department of Labor's quarterly summary of employee payments made.

5.      Defendants have certified that their employment practices are currently in compliance with all applicable provisions of the FLSA as interpreted by the Acting Secretary. Defendants represent that, to the best of their knowledge and following diligent review and inquiry, they have been in compliance with the FLSA since January 4, 2026. In resolving the amount of back wages under this Consent Judgment, the Acting Secretary has relied on this representation and, accordingly, the back wage provisions of this Consent Judgment shall have no effect upon any back wages and liquidated damages which may have accrued since January 4,

2026. If Defendants' representation about their compliance with the FLSA is determined to be false, and Defendants are found to be in further violation of the FLSA, additional civil money penalties may be owed, in addition to back wages, liquidated damages, and other damages as appropriate.

6.      Defendants shall pay civil money penalties, for the child labor and willful violations of the FLSA in the total amount of $31,435.84, pursuant to Section 16(e) of the FLSA, 29 U.S.C. § 216(e), in accordance with the terms of this Consent Judgment.

7.      The civil money penalties shall be paid on or before 30 days from the Court's entry of this Consent Judgment, online by ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/77734139 or by going to http://www.pay.gov and searching for WHDCMPNE.

8.      In the event Defendants fail to make a payment within 10 days of the payment being due under this Consent Judgment, then Defendants consent to the entry of a Writ of Execution, pursuant to Federal Rule of Civil Procedure 69, to enforce the monetary terms of this Consent Judgment. The Acting Secretary may seek such a writ at any time if Defendants have failed to make payment under this Consent Judgment and more than 10 days have passed since the date the payment was due. The Acting Secretary may represent in filing for such a writ that Defendants consent to its issuance. Upon request from the Acting Secretary, Defendants shall furnish a complete and accurate list of their real, personal, and business property, including any bank accounts and account numbers, with an estimated value of $2,000.00 or more and the locations of such property for purposes of the Acting Secretary seeking a Writ of Execution in accordance with this Paragraph of the Consent Judgment.

9.      Within 30 days of Defendants making payment of the back wages due under this

Consent Judgment, Defendants shall deliver to the United States Department of Labor, Wage and Hour Division, a statement showing the following: Employers' Federal ID number(s); the name of each employee listed in Exhibit A and each employee's current or last known address, telephone number, email address, and social security number (only to the extent currently known to Defendants).

10. When recovered wages have not been claimed by an employee within three years because of inability to locate the employee or because of the employee's refusal to accept such sums, the Acting Secretary shall deposit the wages into the United States Treasury as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

11. Defendants shall not, in any way, solicit, demand, accept, or keep any amount paid or payable to any employee or former employee under this Consent Judgment or in any manner attempt to recover any amounts paid to such employee or former employee in connection with this Consent Judgment. In the event any such amount is received from any employee, Defendants shall immediately remit such amount to the United States Department of Labor at the following address: United States Department of Labor, Wage and Hour Division, 1835 Market Street, 19th Floor, Philadelphia, Pennsylvania 19103-2968, Attn: James Cain.

12. Nothing in this Consent Judgment precludes the Acting Secretary from using evidence discovered in the investigation that led to the Complaint in this matter in any future investigation, enforcement action, or legal action.

13.     Each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

SO ORDERED, this _____ day of _____, 2026.


_____
United States District Judge
District of Maine

For the Secretary:

Jonathan Berry
Solicitor of Labor

Maia S. Fisher
Regional Solicitor

Mark A. Pedulla
Counsel for Wage & Hour

/s/ Susan G. Salzberg
Susan G. Salzberg
Senior Trial Attorney
Salzberg.susan@dol.gov
MA BBO No. 556437

U.S. Department of Labor
Attorneys for Plaintiff
Post Office Address:
JFK Federal Building—Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

Dated: May 27, 2026

For Defendants:

/s/Alexander Markakis
Alexander Markakis

/s/James Albert
James Albert

Dated: May 27, 2026